■ Novak & Co., Inc., Respondent, v New York Fruit Auction Corp., Appellant. (And a Third-Party Action.)—In an action, *inter alia,* on a contract, defendant appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Kings County, dated April 9, 1976, as (a) granted plaintiff's motion for summary judgment as to the first cause of action, (b) directed the entry of judgment thereon and (c) severed the third cause of action and (2) the judgment of the same court entered thereon on April 29, 1976. Order reversed insofar as appealed from and judgment reversed, on the law, with one bill of $50 costs and disbursements to cover both appeals, and motion for summary judgment as to the first cause of action denied. The record discloses the existence of material issues of fact which can only be resolved upon a trial. Hopkins, Acting P. J., Martuscello, Damiani and Titone, JJ., concur.

■ Elaine Rosenberg, Appellant, v County of Westchester et al., Defendants, and St. Vincent's Hospital, Respondent.—In an action to recover damages for false imprisonment, plaintiff appeals from an order of the Supreme Court, Westchester County, entered April 9, 1976, which (1) granted respondent's motion to strike plaintiff's note of issue and vacate her statement of readiness, and did so without prejudice to the filing of a proper note of issue and statement of readiness which does not list respondent as a party defendant and (2) denied plaintiff's cross motion which, in effect, sought to vacate a prior order of the same court, entered May 13, 1974, which granted respondent's motion to dismiss the complaint as against it for failure to state a cause of action. Order affirmed, with $50 costs and disbursements. Plaintiff has failed to demonstrate either excusable default, or timely application to vacate the default under CPLR 5015, or that she has a meritorious cause of action against the respondent. Latham, Acting P. J., Margett, Suozzi and Mollen, JJ., concur.